549 S.E.2d 694

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**Lloyd Mitchell DEWS, Defendant below, Appellant.**

No. 28736.

Supreme Court of Appeals of West Virginia.

Submitted April 4, 2001.

Decided May 24, 2001.

Dissenting Opinion of Justice Maynard July 6, 2001.

Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, for Appellee.

John P. Adams, Public Defender Corporation, Martinsburg, for Appellant.

STARCHER, Justice.

In the instant case we reverse a defendant's conviction for third offense driving under the influence of alcohol, and remand the case for a new trial—because the jury was improperly informed of the defendant's prior DUI convictions after he had stipulated to them. We affirm the defendant's conviction of driving while his driver's license was revoked for a previous conviction of driving under the influence of alcohol.

## I.

### Facts & Background

The appellant, Lloyd Mitchell Dews, was tried before a jury in the Circuit Court of Berkeley County for, *inter alia*, third offense driving under the influence of alcohol ("DUI"), a violation of *W.Va.Code*, 17C–5–2(k) [1996], and for driving while his driver's license was revoked for DUI, a violation of *W.Va.Code*, 17B–4–3(b) [1999].

Before the trial began, the appellant stipulated to his prior DUI convictions and moved that the court not permit any reference to his prior DUI convictions to be made before the jury.[1] The circuit court denied this motion. Consequently, the appellant's prior DUI convictions were mentioned at trial, in the presence of the jury, nine times—in the court's opening remarks to the jury (including reading the charges against the defendant), at trial and in closing argument by the prosecu-

tion, and in the court's final instructions to the jury before the jury began deliberating.

For example, in closing argument, the prosecutor argued to the jury:

> [The defendant] is also guilty of driving while under the influence third offense by stipulation. He was convicted twice before. This would be the third time if you find he was under the influence. How can you not?

The appellant's counsel timely objected to all of these mentions of the appellant's prior DUI convictions.

The jury convicted the appellant on both charges, and the appellant brought the instant appeal, arguing that by permitting mention of his prior convictions before the jury, the trial court violated the holding of *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), which discusses stipulation to prior conviction status elements of a criminal offense.

## II.

### Standard of Review

■ We review the trial court's rulings *de novo,* inasmuch as they involve a purely legal determination of the scope and effect of our prior ruling in *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999).

## III.

### Discussion

■ In *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), this Court recognized the likelihood of unfair prejudice when a jury that is deliberating on a "repeat offense" DUI charge knows of a defendant's prior DUI convictions. In Syllabus Point 3 of *State v. Nichols*, we adopted a mechanism to avoid this prejudicial effect:

> When a prior conviction constitute(s) a status element of an offense, a defendant may offer to stipulate to such prior conviction(s). If a defendant makes an offer to stipulate to a prior conviction(s) that is a status element of an offense, the trial court

---

1. The appellant was convicted on January 20, 2000, about 6 weeks after this Court's opinion in

*State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999) was issued.

must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction(s). When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins,* 192 W.Va. 483, 453 S.E.2d 317 (1994) and its progeny are in conflict with this procedure they are expressly overruled.

■■■ In the instant case, the prosecution urged that the trial court give a reading to this syllabus point that would allow the jury to be told that the defendant had stipulated to the prior DUI convictions, while preventing the presentation of any other evidence regarding the convictions. The trial court agreed with the prosecution's argument, with the aforesaid result that the jury was repeatedly informed of the defendant's having stipulated to prior DUI convictions before the jury deliberated on his DUI and driving while revoked charges.

The issue before this Court is thus whether the procedure established in *State v. Nichols* authorizes telling the jury that a defendant has stipulated to prior DUI convictions.

In *State v. Nichols,* we quoted from *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997):

[I]n this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion [is] that the risk of unfair prejudice ... substantially outweigh[ed] the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available. *Id.*

208 W.Va. at 443, 541 S.E.2d at 321 (citation omitted). We went on to say:

In reaching its result, the opinion in *Old Chief* made a distinction between stipulations to a status element of an offense, as opposed to a stipulation to other elements of an offense. Justice Souter wrote that "proof of the defendant's status goes to an element entirely outside the natural se-

quence of what the defendant is charged with thinking and doing to commit the current offense." *Old Chief* reasoned that because a status element of an offense is independent of an offense's mental and physical requirements, *it was not necessary that a jury be informed of a status element.*

\* \* \* \* \* \*

In *Old Chief,* the defendant was not seeking to keep from the jury the fact that he had a prior conviction. However, in the instant proceeding, Nichols seeks to keep the jury from learning of his prior convictions. In spite of this distinction, when a defendant offers to stipulate to the prior convictions *Old Chief* has provided the basis for some state courts to *preclude the mention of a prior conviction that is a status element of the underlying offense.*

\* \* \* \* \* \*

*Evidence of prior convictions may lead a jury to convict a defendant for crimes other than the charged crime, convict because a bad person deserves punishment rather than based on the evidence presented, or convict thinking that an erroneous conviction is not so serious because the defendant already has a criminal record.* [*Old Chief,* citation omitted].

Such evidence had no place in the prosecution, "other than to lead the jurors to think that because the defendant has two prior convictions, suspensions or revocations, he was probably driving while intoxicated on the date in question." The Court in [*State v.*] *Alexander* [, 214 Wis.2d 628, 571 N.W.2d 662 (1997) ] reasoned that

[w]here prior convictions is an element of the charged crime, the risk of a jury using a defendant's prior convictions as evidence of his or her propensity or bad character is great. And where the prior offense is similar or of the same nature or character as the charged crime, the risk of unfair prejudice is particularly great.

Therefore,

[t]he evidence of the defendant's prior convictions, suspensions or revocations should be excluded and the status element not submitted to the jury because

the probative value of the defendant's admission is substantially outweighed by the danger of unfair prejudice to the defendant.

In reaching this result, the decision recognized that a defendant's "admission dispenses with the need for proof of the status element, either to a jury or to a judge." 208 W.Va. at 443–444, 541 S.E.2d at 321–322 (citations and footnotes omitted, emphasis added).

In light of the foregoing discussion, it is clear that the position advanced by the prosecution at the appellant's trial is contrary to this Court's rationale and holding in *State v. Nichols*. For a jury to learn of a prior DUI offense by mention of the defendant's stipulation has the same unfairly prejudicial effect as presenting the jury with other evidence of the offense—perhaps, in some cases, even more of such an effect.

We hold therefore that a criminal defendant's stipulation to a prior conviction status element of an offense, made pursuant to Syllabus Point 3 of *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), is to be treated in the same fashion as other evidence that shows the status element, and is not to be mentioned to the jury. When a criminal defendant has stipulated to a prior conviction status element of an offense pursuant to Syllabus Point 3 of *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), the court should craft its remarks and instructions to the jury, including informing the jury of the charge against the defendant and the verdict form, in a fashion that omits reference to stipulated-to status elements of the offense, and that authorizes the jury to deliberate with respect to and base its verdict upon those elements of the offense that are not stipulated to by the defendant.[2]

With respect to the charge of driving while one's driver's license has been revoked for DUI, *W.Va.Code*, 17B–4–3(b) [1999], there exists a similar likely prejudicial effect when a jury deliberating on this charge knows of a defendant's DUI-related revocation, or of a defendant's prior or pending DUI charge or conviction. That is, the existence of a status element of the offense (having had one's license revoked for DUI), and/or the fact of a pending DUI charge or past DUI conviction, has a strong potential to inject irrelevant and unfairly prejudicial concerns into a jury's principal factual task of determining whether a defendant, who has a license-revoked-for-DUI status, drove a vehicle.

We hold therefore that the status element stipulation and bifurcation provisions of *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999) apply to the trial of cases charging a violation of *W.Va.Code*, 17B–4–3(b) [1999], driving while one's license has been revoked for DUI.

Additionally, when requested by the defendant, the trial of DUI charges and driving while revoked for DUI charges under *W.Va.Code*, 17B–4–3(b) [1999] should ordinarily be severed, when such severance is necessary to avoid unfair prejudice.

In the instant case, however, the appellant simply admitted on the witness stand that having had his license revoked for DUI, he drove a vehicle. He therefore suffered no prejudice with respect to this charge.

## IV.

### *Conclusion*

For the foregoing reasons, the appellant's conviction for third offense DUI must be reversed, and the instant case remanded for further proceedings consistent with the principles of *State v. Nichols* and this opinion.

Affirmed in part, Reversed in part, and Remanded.

MAYNARD, Justice, dissenting.

(Filed July 6, 2001)

I would affirm the appellant's conviction for third offense DUI. The majority reverses

---

**2.** The state also argues that the constitutional guarantee of due process requires that the jury rule upon each element of a criminal offense citing *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). We will not quarrel with the general proposition that a criminal defendant has the constitutional right to have all elements of a crime proven to a jury. However this proposition is inapplicable in the instant case or under *Nichols*, because by stipulating to the prior DUI convictions, the defendant knowingly and intelligently waived this constitutional right.

the conviction based on syllabus point 3 of *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999), which says that a trial court must exclude evidence of a prior conviction constituting a status element of the offense if stipulated to by the defendant. I dissented in *Nichols,* and I dissent in the instant case for the same reason. The only basis underlying the majority's holding in *Nichols* is its mistaken belief that jurors are unable to correctly use evidence of prior convictions.

In the instant case, there is ample evidence for a jury to find beyond a reasonable doubt that the appellant drove a vehicle in this State while under the influence of alcohol. As a result, the majority's fear that the jurors found the appellant guilty of DUI because they knew of his two prior DUI convictions is unfounded.

Accordingly, I dissent.