557 S.E.2d 283

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Samuel B. EVANS, Defendant Below, Appellant.**

**No. 29642.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 6, 2001.

Decided Nov. 28, 2001.

---

Darrell V. McGraw, Attorney General, Heather D. Foster, Assistant Attorney General, Charleston, for Appellee.

C. Michael Sparks, Williamson, for Appellant.

PER CURIAM:

The instant case is before this Court on an appeal from the Circuit Court of Mingo County. The appellant, Samuel B. Evans, was charged with felony offenses of third offense driving under the influence ("DUI")

in violation of *W.Va.Code,* 17C–5–2 [1996],[1] and third offense driving while suspended for driving under the influence ("DWS/DUI") in violation of *W.Va.Code,* 17B–4–3 [1999].[2] The appellant appeals his conviction on both charges.

## I.

On March 31, 2000, Mr. Evans, the appellant, was convicted by a jury of both third offense DUI and third offense DWS/DUI. On May 23, 2000, the trial court sentenced the appellant to two consecutive sentences of not less than 1 year nor more than 3 years in a state correctional facility, and fined him $3,000.00 on the third offense DWS/DUI charge.

The appellant appeals from his convictions contending that because he stipulated to his prior convictions, under the principles stated in *State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999), and *State v. Dews,* 209 W.Va. 500, 549 S.E.2d 694 (2001), the trial court committed error in allowing the State to relate the appellant's prior convictions to the jury.

We reverse the appellant's conviction for third offense driving under the influence of alcohol and his conviction for third offense driving while his license was revoked for driving under the influence of alcohol, and remand the case for a new trial.

1. *W.Va.Code,* 17C–5–2 [1996] provides that:
 (d) Any person who:
 (1) Drives a vehicle in this state while:
 (A) He is under the influence of alcohol; or
 (B) He is under the influence of any controlled substance; or
 (C) He is under the influence of any other drug; or
 (D) He is under the combined influence of alcohol and any controlled substance or any other drug; or
 (E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;
 ....
 (k) A person violating any provision of subsection ... (d), ... of this section shall, for the third or any subsequent offense ... be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

## II.

On March 14, 2000, at a pretrial hearing, appellant's counsel agreed to stipulate to the predicate prior offenses necessary to prove the elements of third offense DUI and third offense DWS/DUI. Appellant's trial began on March 28, 2000. During opening statements, the prosecuting attorney told the jury that the appellant had prior convictions for driving under the influence of alcohol and for driving while his license was suspended. Additionally, substantive evidence of the appellant's prior offenses was placed before the jury through the testimony of the arresting officer, and during the cross-examination of the appellant. The jury found the appellant guilty of both third offense DUI and third offense DWS/DUI.

 Under West Virginia law, it is well-established principle that generally "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus Point 10, *State v. Huffman,* 141 W.Va. 55, 87 S.E.2d 541 (1955). *In accord,* Syllabus Point 6, *State v. Kopa,* 173 W.Va. 43, 311 S.E.2d 412 (1983).

 In *State v. Nichols,* this Court addressed the admission of prior convictions

We note that this *Code* section was amended in 2001, but no substantive changes were made that would affect this appeal.

2. *W.Va.Code,* 17B–4–3(b) [1999] states:

Any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol, controlled substances or other drugs, or for driving while having an alcoholic concentration in his or her blood of ten hundredths of one percent or more, by weight, or for refusing to take a secondary chemical test of blood alcohol content, is, ... for the third or any subsequent offense, the person is guilty of a felony and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than three years and, in addition to the mandatory prison sentence, shall be fined not less than three thousand dollars nor more than five thousand dollars.

**232**

that are status elements of offenses, holding that:

> When a prior conviction constitute(s) a status element of an offense, a defendant may offer to stipulate to such prior conviction(s). If a defendant makes an offer to stipulate to a prior conviction(s) that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction(s). When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994) and its progeny are in conflict with this procedure they are expressly overruled.

Syllabus Point 3, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999).

In *Nichols*, this Court recognized that stipulated-to prior convictions that are status elements of a charge shall not be placed before the jury because of their inherently prejudicial nature. *Nichols* requires a colloquy between the trial court, the defendant, the prosecutor, and the defense counsel to discuss the exact nature of the status element stipulations, and to assure that the stipulations are knowingly and voluntarily made by the defendant. At no point prior to or during the appellant's trial did any of the parties mention *State v. Nichols*, which was handed down on December 3, 1999, nearly 3 months prior to the appellant's trial.

 Although the appellant has not asserted plain error, "[t]his Court's application of the plain error rule in a criminal prosecution is not dependent upon a defendant asking the Court to invoke the rule. We may, sua sponte, in the interest of justice, notice plain error." Syllabus Point 1, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998). Plain error occurs when there is "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syllabus Point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). The admission of the appellant's prior DUI and DWS/DUI convictions was an error that seriously affected the fairness of the appellant's criminal trial.[3] We therefore find that the jury was improperly informed of the appellant's prior convictions, and that this was plain error.

### III.

For the foregoing reasons, Mr. Evans' convictions for third offense driving under the influence and third offense driving while his license was revoked for driving under the influence of alcohol are reversed, and this case is remanded for further proceedings consistent with the principles enunciated in *State v. Nichols, supra,* and *State v. Dews*, 209 W.Va. 500, 549 S.E.2d 694 (2001).

Reversed and Remanded.

---

3. We note that Mr. Evans' prior Kentucky conviction was offered by the State as a predicate offense without establishing that the prior Kentucky offense could be utilized as a status element. For an out-of-state conviction to be utilized pursuant to *W.Va.Code*, 17C–5–2(k), the State must prove that the facts underlying the out-of-state conviction would have supported a conviction under West Virginia law. On remand should the State choose to use the evidence of the Kentucky conviction, it should comply with the standards established in *State v. Hulbert*, 209 W.Va. 217, 544 S.E.2d 919 (2001). In *State v. Hulbert*, this Court held that:

> [a] trial court that is considering whether an out-of-state conviction can be used for sentence enhancement purposes should have be-

fore it the foreign statute under which the prior conviction was obtained to ascertain whether the foreign law contains the same elements as the West Virginia statute at issue, or, if the foreign statute differs from ours, to determine whether, despite any variances, the foreign conviction may still be the basis for punishment enhancement in West Virginia. Once the trial court determines, as a matter of law, that it is necessary to prove the factual predicate under which the foreign judgment was obtained in order to demonstrate that such predicate is sufficient to support a conviction under West Virginia law, the State retains the burden of proving that conduct.

209 W.Va. at 227, 544 S.E.2d at 929 (2001).