582 S.E.2d 732

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Marvin HADEN, Defendant Below, Appellant.**

No. 30650.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 2003.

Decided Feb. 27, 2003.

Dissenting Opinion of Justice Maynard July 26, 2003.

Dwight R. Hall, Elkins, Sims & Hall, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Allen H. Loughry, II, Senior Assistant, Attorney General, Charleston, for Appellee.

PER CURIAM.

This appeal was filed by Marvin Haden, appellant/defendant below (hereinafter referred to as "Mr. Haden"), from an order of the Circuit Court of Randolph County denying his motion for a new trial. Mr. Haden was convicted by a jury of third offense DUI and sentenced to two to three years imprisonment.[1] Here, Mr. Haden assigns error as follows: (1) the trial court erred in allowing the State to amend the indictment; (2) the trial court erred in not permitting a severance of the charge for driving while license revoked for DUI; and (3) the trial court erred in not allowing a witness to testify. After a careful review of the record and listening to the oral arguments of the parties, we reverse and remand this case for a new trial.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On June 25, 2001, a Randolph County Grand Jury returned a three count indictment against Mr. Haden.[2] The indictment charged Mr. Haden with third offense DUI, driving while revoked for DUI, and possession of a controlled substance. The indictment charged that the offenses occurred on May 2, 2000.

On July 9, 2001, the State filed a motion to amend the indictment, so as to reflect that the crimes occurred on May 2, 2001. Prior to the start of trial on August 2, 2001, the State presented its earlier filed motion to amend the indictment, which the trial court granted. Additionally, prior to trial, Mr. Haden stipulated to his prior DUI convictions. Mr. Haden also moved the court to bifurcate the trial of his third offense DUI charge from the driving while revoked for DUI charge. The trial court denied the bifurcation motion.

During trial, the State called one witness, the arresting officer, during its case-in-chief. Mr. Haden motioned the court for judgment of acquittal on all charges at the close of the State's case-in-chief. The trial court granted the motion as to the charge of possession of a controlled substance. However, the trial court denied the motion as to the other two charges.

Mr. Haden was prepared to call a subpoenaed witness during his case-in-chief. Unfortunately, the witness had not arrived by the time the State concluded its case-in-chief. The trial court gave Mr. Haden an opportunity to have the sheriff bring the missing witness to the trial. However, Mr. Haden declined the offer and called no witnesses.[3] A jury returned a verdict finding Mr. Haden guilty of the two charges it considered.

Mr. Haden filed a post-trial motion seeking a new trial. The trial court granted the

---

1. Pursuant to W. Va.Code § 17C–5–2(k) (Repl. Vol.2000) the sentence for third offense DUI is one to three years imprisonment. In this case, the State filed an information pursuant to W. Va.Code § 61–11–19 (Repl.Vol.2000) charging Mr. Haden with having a prior felony conviction. During the sentencing hearing Mr. Haden admitted that he was the person named in the information. Consequently, pursuant to the enhancement statute, W. Va.Code § 61–11–18(a) (Repl. Vol.2000), the trial court doubled the minimum sentence that could be imposed on Mr. Haden.

2. The briefs in this case have provided only minimal background facts.

3. The trial transcript does not reflect any discussion of an offer by the trial court to have a deputy sheriff bring the witness to the trial. However, in the trial court's order denying Mr. Haden's post-trial motion, it states that "the Court taking a long break gave the Defendant the opportunity to have the Sheriff pick up [the witness] which the Defendant waived."

motion as to the conviction for driving while revoked for DUI. The trial court denied the motion as to the other conviction.[4] This appeal followed.

## II.

## STANDARD OF REVIEW

 In this case we are asked to review the circuit court's order denying Mr. Haden's motion for a new trial. Our standard of review in this matter is as follows:

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 3, *State v. Vance,* 207 W.Va. 640, 535 S.E.2d 484 (2000). We have further explained:

Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976). *Accord* Syl. pt. 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

## III.

## DISCUSSION

### A. Amending the Indictment

Mr. Haden first asserts that the trial court committed error in permitting the State to amend the indictment to reflect the correct date that the offenses were alleged to have occurred. This Court has recognized "that a

4. The trial court denied the motion as to the DUI conviction based upon this Court's decision in

defendant has a right under the Grand Jury Clause of Section 4 of Article III of the West Virginia Constitution to be tried only on felony offenses for which a grand jury has returned an indictment." *State v. Adams,* 193 W.Va. 277, 280, 456 S.E.2d 4, 7 (1995). However, we have also indicated that an indictment may be amended as to form without resubmission to a grand jury. We addressed this issue in syllabus point 3 of *Adams* as follows:

Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An "amendment of form" which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced.

 Mr. Haden contends that the amendment in this case was barred by our decision in *State v. McGraw,* 140 W.Va. 547, 85 S.E.2d 849 (1955). In *McGraw,* we held in syllabus point 4, in part, that an "amendment, whether it relates to matters of form or matters of surplusage, invalidates the indictment and deprives the court of the power to proceed under the amended indictment." The State correctly points out, however, that in the *Adams* decision Justice Cleckley modified the language in *McGraw* that prohibited amending an indictment as to form. In syllabus point 2 of *Adams* the following was held:

To the extent that *State v. McGraw,* 140 W.Va. 547, 85 S.E.2d 849 (1955), stands for the proposition that "any" change to an indictment, whether it be form or substance, requires resubmission to the grand jury for its approval, it is hereby expressly modified. An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

*State v. Dews,* 209 W.Va. 500, 549 S.E.2d 694

193 W.Va. 277, 456 S.E.2d 4.[5]

■ In the instant proceeding, Mr. Haden's brief suggests that he did not learn of the proposed amendment until the day of trial. The record does not support this contention. Both the trial court's order denying the motion for new trial and the hearing on the motion to amend the indictment reflect the fact that Mr. Haden was notified long before trial that an incorrect crime date appeared on the indictment. During the hearing on the motion to amend, the trial court made the following ruling:

> THE COURT: All right, sir, I'm going to grant the State's motion—I'm going to base my decision on two (2) factors—one (1), the Counsel for the Defendant was appointed five (5) days after the offense is alleged to have occurred. The traffic citation which the Defendant received is correct in that it has the correct date on it of May 2, 2001, so there's no prejudice or deception or lack of knowledge on the part of the Defendant. Clearly the Defendant, as [Counsel for the Defendant] has candidly stated, was simply waiting for the Jury to be sworn to move to dismiss on that basis so the Defendant is aware of the proper date.... [T]he motion to Amend was filed shortly after the Indictment was returned. The record reflects it was filed on July 9th which was more than three (3) weeks ago so under any circumstances the Defendant was aware and there's no prejudice, and I'll grant the State's motion.

We agree with the trial court's finding that no prejudice resulted from granting the motion to amend the indictment. We also agree with the determination made in the trial court's order denying the motion for a new trial, wherein the court found that "the change of date on the Indictment was merely to correct a typographical error[.]" Consequently, we find no error in the trial court's decision to allow the indictment to be amended.[6]

### B. Denying Severance

The second issue raised by Mr. Haden is that the trial court committed error in denying his motion to sever or bifurcate the third offense DUI charge from the driving while license revoked for DUI charge. The State contends that this issue is meritless and moot, because the trial court realized it should have granted the motion to bifurcate and remedied the error by granting Mr. Haden a new trial on the charge of driving while license revoked for DUI. We disagree.

■ The primary contention raised by Mr. Haden is that his conviction for third offense DUI was prejudiced by the jury hearing evidence and argument that his license had previously been revoked.[7] This is exactly the situation that this Court sought to preclude in *State v. Dews*, 209 W.Va. 500, 549 S.E.2d 694 (2001). In syllabus point 5 of *Dews* we held that "[w]hen requested by the defendant, the trial of DUI charges and driving while revoked for DUI charges under *W. Va.Code*, 17B–4–3(b) [1999] should ordinarily be severed, when such severance is necessary to avoid unfair prejudice." [8]

■ In this case Mr. Haden stipulated to his prior DUI convictions in order to prevent the jury from hearing about those convictions. *See* Syl. pt. 3, in part, *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999) ("If a defendant makes an offer to stipulate to a prior conviction(s) that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction(s)."). Mr. Haden's stipulation was all for naught. The jury was left to speculate the reason for the prior revocation of his license. *See* Syl. pt. 1, *Oates v. Continental Ins. Co.*, 137 W.Va. 501,

(2001) (requiring bifurcation of DUI charge and driving while revoked for DUI charge).

5. In *Adams* we permitted an amendment to an indictment to correct the name of the owner of stolen goods.

6. During oral argument, counsel for Mr. Haden conceded that this issue had no merit.

7. The parties agreed that the jury would not hear evidence that Mr. Haden's license had been revoked for DUI. The jury was simply told that Mr. Haden's license was revoked.

8. *Dews* was decided more than two months prior to Mr. Haden's trial.

72 S.E.2d 886 (1952) ("A jury will not be permitted to base its findings of fact upon conjecture or speculation."). We do not believe that it is unreasonable to conclude that the jury probably surmised that Mr. Haden's license was revoked for a prior DUI conviction. Had the trial court severed the trials, speculation by the jury would not have been an issue.[9] We must therefore reverse the third offense DUI conviction and award Mr. Haden a new trial.

## IV.

### CONCLUSION

We conclude that Mr. Haden was prejudiced by the trial court's refusal to sever his third offense DUI charge, from the charge of driving while license revoked for DUI. Therefore, we reverse the third offense DUI conviction. This case is remanded for a new trial.

Reversed and Remanded.

MAYNARD, Justice, dissenting.

(Filed June 26, 2003)

I believe the majority has reversed a perfectly valid jury verdict. According to the majority, the defendant was prejudiced because the jury heard evidence that his license had previously been revoked. The majority reasons first that the jury probably surmised that the defendant's license revocation was the result of a prior DUI conviction. The majority then assumes that the jury's speculation in that regard was the basis for its verdict. In other words, the majority concludes that the jury determined that the defendant was previously convicted of DUI, and therefore, must have been guilty of DUI in this instance. I simply do not believe the record supports that conclusion.

During the defendant's trial, the arresting officer testified that he first noticed the defendant in his vehicle traveling left of center, swerving, and then abruptly turning off the roadway. The arresting officer further testified that when he approached the defendant's vehicle, he smelled a strong alcoholic odor. He observed a twelve-pack of beer sitting on the passenger seat with at least one can opened. He said the defendant's eyes were bloodshot, his speech was slurred, and his motor skills were slow.

According to the arresting officer, when the defendant exited his vehicle, he almost fell into traffic. The arresting officer continued to smell a strong odor of alcohol coming from the defendant. The defendant refused the officer's request to perform a horizonal gaze nystagmus test and the one-legged stand test. He attempted the walk and turn test, but failed it. The arresting officer then took the defendant to the police station for a breathalyzer screening, which he also refused.

In light of the above, the only reasonable conclusion that can be made in this case is that the jury reached its verdict based on the testimony of the arresting officer. The majority's determination that the jury verdict was a result of speculation arising out the defendant's stipulation that his license had been previously revoked is unfounded. As I see it, the only speculation that has occurred in this case has been on the part of the majority.

This case illustrates once again the majority's distrust of juries. *See State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999) (Maynard, J., dissenting); *State v. Dews*, 209 W.Va. 500, 549 S.E.2d 694 (2001) (Maynard, J., dissenting). Unlike the majority, I have confidence in our juries, and I believe that the guilty verdict reached in this case was based on the evidence presented at trial, in particular, the arresting officer's testimony, and not any type of speculation. Therefore, I would not have found that the defendant was unfairly prejudiced by the disclosure of the prior revocation of his license. Instead, I would have found that the introduction of this evidence was at most harmless error. Consequently, I would have affirmed the defendant's conviction of third offense DUI.

9. Because we have determined that Mr. Haden is entitled to a new trial on this issue, we need not address the final assignment of error.

Accordingly, for the reasons set forth above, I respectfully dissent.