**2015 UT App 183**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ROBERTO MIRAMONTES ROMAN,
Defendant and Appellant.

Memorandum Decision
No. 20121027-CA
Filed July 30, 2015

Fourth District Court, Spanish Fork Department
The Honorable Donald J. Eyre Jr.
No. 111300712

Stephen R. McCaughey, Jeremy M. Delicino, and
Elizabeth A. Lorenzo, Attorneys for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and KATE A. TOOMEY concurred.

PEARCE, Judge:

¶1     Roberto Miramontes Roman appeals his conviction for
possession of a dangerous weapon by a restricted person,
arguing that the finder of fact failed to properly consider
whether he was a restricted person. Because Roman did not
preserve the issue by objecting below and because any error the
district court may have committed would not have been obvious
to the court, we affirm.

¶2     Roman was arrested after a police officer was shot and
killed. Roman was charged with aggravated murder, tampering
with evidence, and possession of a dangerous weapon by a
restricted person. A jury ultimately acquitted him of aggravated
murder but convicted him of the other two charges. He appeals

only his conviction for possession of a dangerous weapon by a restricted person.

¶3    "A Category II restricted person who purchases, transfers, possesses, uses, or has under his custody or control . . . any firearm is guilty of a third degree felony." Utah Code Ann. § 76-10-503(3)(a) (LexisNexis 2008). At the time of Roman's arrest, the Utah Code provided that "[a] Category II restricted person is a person who," among other things, "is an alien who is illegally or unlawfully in the United States."[1] *Id.* § 76-10-503(1)(b)(viii). To obtain a conviction, the State had to prove two elements beyond a reasonable doubt: (1) that Roman possessed a gun and (2) that Roman was a restricted person because he was in the country illegally or unlawfully.

¶4    Before trial, the parties agreed to bifurcate the proceedings. With respect to the dangerous weapon charge, the jury would only consider whether Roman had possessed a gun. If the jury found that he had, the district court would then consider whether Roman was a Category II restricted person.

¶5    At a subsequent pretrial hearing, the parties again discussed bifurcation. Roman's trial counsel stated, "I think we've stipulated that he is here illegally, you know. I just don't think that needs to go to the jury . . . ." The district court then asked Roman's counsel, "[S]o you are going to stipulate that he is here illegally so that all that the State would have to prove is that he intentionally and knowingly possessed the firearm?"

---

1. The relevant version of Utah Code section 76-10-503 identified several factors, each of which qualified a person as a Category II restricted person. We confine our analysis to the factor underlying Roman's charge—unlawful presence in the country. The Utah Legislature has since amended the statute to make the offense of possessing a firearm while in the country unlawfully a Category I offense, punishable as a second degree felony. *See* Utah Code Ann. § 76-10-503(1)(a)(v) (LexisNexis 2012).

Roman's counsel responded, "Right."[2] At trial, the jury found that Roman had possessed a gun. The district court then sentenced Roman for both evidence tampering and possession of a dangerous weapon by a restricted person.

¶6      On appeal, Roman contends that the State did not present sufficient evidence to support the latter conviction. Specifically, he complains that no evidence was presented suggesting that he was in the United States unlawfully. Because he did not raise this issue below, he raises it as a matter of plain error. *See State v. Holgate*, 2000 UT 74, ¶¶ 11–17, 10 P.3d 346 (discussing the plain error exception to the general preservation rule in the context of an insufficiency of the evidence claim). "The plain error standard of review requires an appellant to show the existence of a harmful error that should have been obvious to the district court." *State v. Waterfield*, 2014 UT App 67, ¶ 18, 322 P.3d 1194.

¶7      Roman asserts that, "if there is a stipulation, it must be presented to the finder of fact" and that "[t]his simply never occurred in this case." He concedes that no Utah case has addressed this proposition. Instead, Roman relies on cases from other jurisdictions. He cites the Tenth Circuit Court of Appeals' observation that "the government must inform the jury of the defendant's stipulation at some point, in order to provide jurors with the information they need to convict under the statute." *United States v. Smith*, 472 F.3d 752, 753 (10th Cir. 2006). We

---

2. Roman appears to claim that this was not a stipulation but was instead an agreement to stipulate at a future time. However, counsel's statement that "we've stipulated that he is here illegally" leaves no room for this creative interpretation. Moreover, the record contains a written stipulation "[t]hat the defendant, Roberto Miramontes Roman, is an alien who is illegally or unlawfully in the United States." Roman's counsel and the prosecutor signed the stipulation and filed it with the court.

assume without deciding that stipulations must be presented to the factfinder.

¶8     The cases Roman cites in which appellate courts reversed convictions for failing to present stipulations to the factfinder involved stipulations made outside the presence of, and never presented to, the jury. *See United States v. James*, 987 F.2d 648 (9th Cir. 1993); *People v. Wright*, 425 N.E.2d 42 (Ill. App. Ct. 1981); *see also Commonwealth v. Ortiz*, 995 N.E.2d 1100, 1106–07 (Mass. 2013) (holding that, although stipulations should be presented to the jury before the close of evidence, the jury in question had been made aware of the substance of the stipulation by other means). In *James* and *Wright*, the factfinder was not given the chance to fulfill its duty of determining whether the stipulation actually satisfied the relevant element of the crime.[3] In contrast, here, the factfinder—the district court judge—was well aware of the stipulation. Indeed, the judge had asked Roman's counsel whether counsel was "going to stipulate so that all that the State would have to prove is that he intentionally and knowingly possessed the firearm" and counsel replied, "Right." Unlike the cases Roman cites, the trier of fact—here, the judge rather than a jury—had the benefit of the stipulation at the time it ruled. Notwithstanding the district court's knowledge of the oral and written stipulations, Roman appears to argue that the district court should have required the parties to again present the stipulation to the district court after the jury reached its verdict.

---

3. Stipulating that a fact is true does not necessarily mean that the fact satisfies a legal element. "[The jury] must accept any stipulated facts as having been proven. However, the significance of these facts, as with all facts, is for [the jury] to decide." Model Utah Jury Instructions (2d ed.), CR412. Here, we note the apparently perfect congruence between Roman's stipulation of fact and the legal element to which it related. On appeal, he does not claim that the legal element of being a Category II restricted person was somehow unsatisfied by his stipulation that he was in the United States unlawfully.

Roman's complaint attacks, in essence, the timing of the stipulation. However, any possible error arising from the district court not requiring the parties to formalistically repeat the stipulation after the jury portion of the trial was not an error that would have been obvious to the district court. Indeed, even with the benefit of hindsight, it is far from obvious that the district court erred in not requiring the previously entered stipulation to be repeated.

¶9 "To establish that the error should have been obvious to the trial court, the appellant must show that the law governing the error was clear at the time the alleged error was made." *State v. Davis*, 2013 UT App 228, ¶ 32, 311 P.3d 538 (brackets, citation, and internal quotation marks omitted). "Thus, an error is not obvious if there is no settled appellate law to guide the trial court." *Id.* (citation and internal quotation marks omitted). Roman has directed us to no Utah authority to support his argument. Without clear guidance in the law, any error would not have been obvious to the district court. Roman cannot, therefore, avail himself of the plain error exception to our preservation rules.

¶10 Roman next asserts that the stipulation was invalid because his counsel made it for him. Roman suggests that because the stipulation amounted to a waiver of his right to require the State to prove each element of the crime with which he was charged, the district court should have undertaken a colloquy with him to determine whether he knowingly and voluntarily made the stipulation. He concedes that no Utah case has addressed this issue but points to cases from other states that have adopted such a requirement. *See State v. Murray*, 169 P.3d 955 (Haw. 2007); *Ferguson v. State*, 210 S.W.3d 53 (Ark. 2005); *State v. Evans*, 557 S.E.2d 283 (W. Va. 2001).

¶11 As just mentioned, to invoke the plain error exception to our preservation rules, Roman needs to demonstrate that the law governing the error was clear at the time of the alleged error. *Davis*, 2013 UT App 228, ¶ 32. The Utah Legislature has not

required that district courts undertake a colloquy aimed at determining whether a defendant has knowingly and voluntarily agreed to an evidentiary stipulation proffered by that defendant's counsel. Roman has not identified any Utah case law to that effect and even concedes that Utah courts have not addressed this issue. Because there is no settled law on this point, any error in failing to conduct a colloquy of this nature would not have been obvious to the district court.

¶12   We conclude that Roman has not demonstrated the existence of an error that should have been obvious to the district court. Roman's counsel stipulated that Roman was in the country unlawfully, both orally in front of the district court and in a document filed with the court. Although Roman now claims that the district court should have required that the stipulation be presented to it again after the jury reached its verdict and that the district court should have engaged in a colloquy to ensure that the stipulation was the product of a knowing and voluntary waiver, any error in the court's failure to proceed in that manner would not have been obvious to the district court. Roman has therefore failed to establish that the plain error exception to the preservation rule applies.[4]

¶13   Affirmed.

————————

4. In resolving this appeal under the plain error doctrine, we do not mean to imply that either of the two claimed errors actually were errors.