# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 15-1000** (Ohio County 03-F-27)

**Eric Paul Minda,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Eric Paul Minda, pro se, appeals the September 17, 2015, order of the Circuit Court of Ohio County denying his motion for correction of illegal sentence. Respondent State of West Virginia, by counsel Jonathan E. Porter and Erica N. Peterson, filed a summary response, and petitioner filed a reply. The parties also filed supplemental briefs pursuant to an amended scheduling order, entered June 17, 2016.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2003, an indictment was returned against petitioner. Count one of the indictment charged petitioner with first degree robbery "by the threat of deadly force by the presenting of a firearm." Count two charged petitioner with the felony offense of being a person prohibited from possessing a firearm. The indictment alleged that petitioner possessed a firearm "despite having been convicted in the State of West Virginia of a felony crime of violence against the person of another, to-wit: a conviction in Ohio County, West Virginia on March 6, 1990, Case Number 90-F-6 for 'Burglary.'"

On March 27, 2003, petitioner entered into a stipulation with the State as to the existence of his burglary conviction. Accordingly, pursuant to the parties' stipulation, the circuit court

---

[1]We note that petitioner filed a corrected supplemental brief on July 14, 2016.

1

instructed the jury that it was unlawful for petitioner to possess a firearm on the date of the robbery and that the only finding they needed to make with respect to count two was whether petitioner did in fact possess a firearm. Following trial, the jury convicted petitioner of first degree robbery and answered a special interrogatory that petitioner presented a firearm during the commission thereof. The jury further convicted petitioner of the felony offense of being a person prohibited from possessing a firearm. The circuit court sentenced petitioner to ninety years of incarceration for the robbery conviction and five years of incarceration for possessing a firearm when he was legally prohibited from possessing a firearm. The circuit court ordered that petitioner's sentences be served consecutively and noted that, because of the firearm specification, petitioner would not be eligible for parole until he has served one-third of his sentence. *See* W.Va. Code § 62-12-13(b)(1)(C). Petitioner filed an appeal, which was refused by this Court on February 9, 2005.

In December of 2005, petitioner filed a petition for a writ of habeas corpus in Case No. 06-C-92. As part of that proceeding, on December 29, 2009, petitioner's trial counsel testified at a deposition. The circuit court then held an evidentiary hearing on February 19, 2010, at which petitioner was represented by habeas counsel. At the February 19, 2010, hearing, petitioner called an expert to testify regarding his trial counsel's effectiveness. A subsequent habeas corpus hearing was held on December 20, 2013. At the December 20, 2013, petitioner presented no new witnesses, but presented oral argument and referenced the prior testimony of his expert. Subsequently, the circuit court entered an order on February 24, 2014, and denied petitioner's habeas petition. First, the circuit court found that petitioner's ninety-year sentence for first degree robbery was not disproportionate to the offense given that petitioner put the victim of the robbery in fear that he was going to shoot her. Second, the circuit court found that trial counsel was not ineffective. Petitioner appealed the circuit court's February 24, 2014, order in *Minda v. Ballard*, No. 14-0334, 2015 WL 1235229 (W.Va. March 16, 2015) (memorandum decision), and this Court affirmed the denial of habeas relief.

On July 27, 2015, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[2] On September 17, 2015, the circuit court denied petitioner's Rule 35(a) motion. The circuit court rejected petitioner's arguments and found that petitioner had the opportunity to make his arguments in prior proceedings such as his direct appeal.

Petitioner now appeals the circuit court's September 17, 2015, order denying his Rule 35(a) motion for correction of illegal sentence. In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of

---

[2] Rule 35(a) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time[.]"

Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

<u>Petitioner's stipulation to his prior burglary conviction</u>
<u>relieved the jury from making any finding regarding that conviction.</u>

Petitioner contends that he should have been convicted of the misdemeanor offense of being a person prohibited from possessing a firearm pursuant to West Virginia Code § 61-7-7(a) which provides for a sentence of ninety days in jail to one year of incarceration. However, petitioner was indicted for the felony offense of being a person prohibited from possessing a firearm pursuant to West Virginia Code § 61-7-7(b)—which provides for a sentence of five years of incarceration—on the basis of petitioner's prior burglary conviction. The State asserts that petitioner committed the felony offense because his prior conviction constituted "a felony crime of violence against the person of another." *See* W.Va. Code § 61-7-7(b)(1). The State argues that, because the parties stipulated to the burglary conviction, the jury was properly instructed that the only finding they needed to make with regard to count two of the indictment was whether petitioner did in fact possess a firearm. We concur.

While petitioner failed to include the March 27, 2003, stipulation of the parties in his appendix,[3] he now concedes that he stipulated to his prior burglary conviction. "Stipulations or agreements made in open court by the parties in the trial of a case and acted upon are binding and a judgment founded thereon will not be reversed." Syl. Pt. 1, *Butler v. Smith's Transfer Corp.*, 147 W.Va. 402, 128 S.E.2d 32 (1962). As we held in both *State v. Dews*, 209 W.Va. 500, 549 S.E.2d 694 (2001), and *State v. Herbert*, 234 W.Va. 576, 767 S.E.2d 471 (2014), a criminal defendant may stipulate to a prior conviction where that conviction constitutes a status element of the present offense. In Syllabus Point 5 of *Herbert*, we specifically held that a defendant may enter into such a stipulation when a prior conviction is a status element of the felony offense of being a person prohibited from possessing a firearm under West Virginia Code § 61-7-7(b)(1). 234 W.Va. at 579, 767 S.E.2d at 475.[4]

While petitioner had a constitutional right to have all elements of a offense proven to the jury, by entering into the stipulation, he waived that right. *See Dews*, 209 W.Va. at 504 n.2, 549 S.E.2d at 698 n.2. Petitioner asserts that he did not intend to stipulate that his prior burglary

---

[3]We, on our own motion, supplemented the record with the March 27, 2003, stipulation of the parties by an amended scheduling order entered June 17, 2016.

[4]Because we did not decide *Herbert* until after petitioner's conviction pursuant to West Virginia Code § 61-7-7(b)(1), the more general holding of *Dews* governs this case. However, we find that the result is the same.

3

conviction constituted a crime of violence against the person of another.[5] However, petitioner does not claim that he was unaware that the indictment alleged that his burglary conviction was "a felony crime of violence against the person of another." Petitioner instead contends that his trial counsel "hastily agreed" to the stipulation and failed to ensure that the exact nature of the stipulation was reflected on the record. We find that the doctrine of res judicata bars petitioner from arguing that trial counsel was ineffective regarding the entry of the stipulation.

In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, *and as to issues which with reasonable diligence should have been known but were not raised*, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

(Emphasis added.) In his habeas proceeding, petitioner did not allege that his trial counsel was ineffective in agreeing to the stipulation, but questioned his trial counsel regarding the stipulation at the latter's December 29, 2009, deposition.[6] Thus, we find that, with reasonable diligence, this issue should have been known by petitioner, but was not raised in Case No. 06-C-92. Therefore, we determine that petitioner may not raise it now.

We conclude that the March 27, 2003, stipulation of the parties to petitioner's prior burglary conviction relieved the jury from making any finding regarding that conviction. The jury did find that petitioner possessed a firearm—which, evidenced by the parties' stipulation, constituted an unlawful act. Accordingly, we conclude that petitioner was properly convicted of

---

[5]Petitioner feels that he should be able to argue that his burglary conviction was not a crime of violence against the person of another under the facts and circumstances of his case where the residence he burglarized was unoccupied at the time of that offense. *See State ex rel. Boso v. Hedrick*, 182 W.Va. 701, 709, 391 S.E.2d 614, 622 (1990) (finding life recidivist sentence constitutionally disproportionate where the offenses, including a nighttime burglary of an unoccupied dwelling, involved neither weapons nor threats of violence). We note that, in other cases, we have found that burglary constitutes a crime which involves either violence or the threat of violence. *See State v. Evans*, 203 W.Va. 446, 450, 508 S.E.2d 606, 610 (1998) (stating that "[w]e expressly reject Evans' contention that burglary does not constitute a crime of violence."); *Martin v. Leverette*, 161 W.Va. 547, 555, 244 S.E.2d 39, 43-44 (1978) (stating that burglary is a "serious [crime] and involve[s] the threat of violence against persons").

[6]We took judicial notice of the transcript of trial counsel's December 29, 2009, deposition in Case No. 06-C-92 by an order entered July 20, 2016.

4

the felony offense of being a person prohibited from possessing a firearm under West Virginia Code § 61-7-7(b)(1).

<u>The Double Jeopardy Clause was not violated in this case.</u>

Petitioner contends that he is being punished twice for the same conduct in violation of the Double Jeopardy Clause.[7] *See* Syl. Pts. 1 and 2, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992) (holding that the Double Jeopardy Clauses of both the United States and West Virginia Constitutions prohibit "multiple punishments for the same offense."). Petitioner asserts that his possession and use of a firearm affected his sentence under each count of the indictment. Petitioner notes that (1) the firearm specification attached to his robbery conviction has delayed his parole eligibility pursuant to West Virginia Code § 62-12-13(b)(1)(C); and (2) he has a separate sentence of five years of incarceration for being a person prohibited from possessing a firearm pursuant to West Virginia Code § 61-7-7(b)(2).

The State counters that there has been no double jeopardy violation in this case. The State asserts that, for it to prove that petitioner was guilty of first degree robbery with a firearm specification attached, it had to show *use* of a firearm during the commission of the robbery—not simply *possession*. We agree with the State that separate conduct served as the basis for each offense. We find that petitioner completed the offense under West Virginia Code § 61-7-7(b) as soon as he possessed a firearm on the day in question independent of the fact that he used the firearm in a robbery. Therefore, we find that the Double Jeopardy Clause has not been violated because petitioner is not being punished twice for the same conduct. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for correction of illegal sentence.

For the foregoing reasons, we affirm the circuit court's September 17, 2015, order denying petitioner's Rule 35(a) motion for correction of illegal sentence.

Affirmed.

**ISSUED:** September 2, 2016

---

[7]The Double Jeopardy Clause of the United States Constitution is found in the Fifth Amendment, made applicable to the several States through the Fourteenth Amendment. *See Benton v. Maryland*, 395 U.S. 784, 787 (1969). The Double Jeopardy Clause of the West Virginia Constitution is found at article III, section 5.

5

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II