419 S.E.2d 14

**Roger P. ECHARD, Plaintiff Below, Appellant,**

v.

**CITY OF PARKERSBURG, Mayor Nicely, and Chief L.C. Gibson, Defendants Below, Appellees.**

**No. 19801.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1992.

Decided June 11, 1992.

Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, for appellant.

Robert S. Fluharty, Asst. City Atty., Parkersburg, for appellees.

McHUGH, Chief Justice:

This case comes before us on appeal from an order of the Circuit Court of Wood County dismissing the appellant, Roger Echard's appeal from a decision of the Parkersburg Policemen's Civil Service Commission ("Commission") as untimely filed. We reverse the decision of the circuit court and find that the appeal period does not commence until the order of the Commission is entered by the recorder of the city.

Appellant, Roger Echard, is a Lieutenant with the Parkersburg City Police Department. In September, 1987, appellant was charged by his superior, Chief of Police L.C. Gibson, with "loitering," in violation of Rule 20.11.7 of the Parkersburg Police Rules and Regulations Manual. The charge was heard before the Parkersburg Police Department Hearing Board on September 21, 22, and 28, 1987; thereafter, the Board issued a ruling on October 6, 1987, recommending that appellant be given a reprimand, and that the appellee, City of Parkersburg, clarify its rules on loitering and engage in a consistent administration of justice.

Despite the recommendations of the Board, appellant was suspended without pay for five days by a general order of Chief Gibson dated October 15, 1987. Appellant filed an appeal with the Parkersburg Policemen's Civil Service Commission for determination of whether just cause existed for the suspension. The Commission found just cause for the suspension and in an order signed November 14, 1988, the suspension of appellant was sustained.[1] The order of the Commission shows no date of entry by the recorder of the City of Parkersburg.

Appellant appealed the order of the Commission to the Circuit Court of Wood County on February 15, 1989.[2] Appellee then filed a motion to dismiss the appeal citing its untimeliness. Appellee noted that *W.Va.Code*, 8–14–20 [1980] provides, *inter alia*, that all appeals from the Commission to a circuit court must take place within ninety days. In response to the motion to dismiss, appellant submitted that the appeal period under *W.Va.Code*, 8–14–20 [1980] does not commence until the order of the Commission is entered.

---

1. The Commission disagreed with the length of the suspension but determined it lacked authority to alter the suspension: "Although this Commission may not agree with the severity of the punishment, the Commission does not have the power to alter the severity of the punishment."

2. Appellant filed the appeal ninety-three days after the date the Commission's order was signed (November 14, 1989).

A hearing was held on the motion to dismiss on August 16, 1989, and appellant made a verbal motion for enlargement of the time for filing the appeal. By order entered November 20, 1989, the trial court sustained the appellee's motion to dismiss and denied appellant's motion to enlarge the time for filing the appeal.[3] It is from the November 20, 1989 dismissal order that appellant appeals to this Court.

■■■ Appellant asserts that the trial court erred in dismissing the appeal as untimely filed. *W. Va. Code*, 8–14–20(b) [1980] states, in pertinent part:

(b) In the event that the [Policemen's Civil Service] commission shall sustain the action of the removing officer, the member removed, discharged, suspended or reduced shall have an immediate right of appeal to the circuit court of the county wherein the city or the major portion of the territory thereof is located.... *Any appeal must be taken within ninety days from the date of entry by the commission of its final order;* upon an appeal being taken and docketed with the clerk of the circuit court of said county, the circuit court shall proceed to hear the appeal upon the original record made before the commission and no additional proof shall be permitted to be introduced.

(emphasis added) The statute clearly contemplates that orders of Policemen's Civil Service Commissions be "entered." *Black's Law Dictionary* (6th ed. 1990) defines "entering judgments" as:

Entry of judgment differs from rendition of judgment. 'Rendition' of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy. The 'entry' is a ministerial act, which consists in

entering upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action.

*Id.* at 531. Similarly, in syllabus point 5 of *State v. Mason*, 157 W.Va. 923, 205 S.E.2d 819 (1974), we ruled: "Rendition of a judgment is the pronouncement of the judgment by the court, while entry of the judgment is the notation of the judgment in the official records."

We find the requirement of *W. Va. Code*, 8–14–20 [1980] to be clear and unambiguous. The appeal period commences with *entry* of the final order of the Commission. Entry of an order requires more than the signature endorsement of the adjudicatory official.[4]

*W. Va. Code*, 8–14–8 [1969] provides: "The recorder of the city shall be ex officio clerk of the policemen's civil service commission and shall supply to the commission without extra compensation all necessary clerical and stenographic services for the work of the commission." As the ex officio clerk of the policemen's civil service commission, the recorder of the city has a mandatory, nondiscretionary duty to enter the final orders of the commission. Until such time as the order is "entered," it lacks finality and is subject to change. If the mere signing of an order constituted "entry," the signer could sign the order and withhold it from the affected parties until the ninety-day appeal period had passed.[5] Although that did not occur in this case, appellant's counsel, by affidavit, asserts that she was informed by the city clerk for the City of Parkersburg "that there is no date of filing of Civil Service documents."[6]

---

3. The Circuit Court of Wood County did not elaborate on its reasons for sustaining the motion to dismiss.

4. A similar question was posed in the case of *Humphrey v. Mauzy*, 155 W.Va. 89, 181 S.E.2d 329 (1971). In syllabus point 1, we stated: "As a general rule, the clerk of a circuit court has a mandatory, nondiscretionary duty to record in the appropriate civil order book in her office a final judgment order entered in a civil action and endorsed for entry by the signature of the

judge of the court." "Entry" of an order is clearly contemplated as something more than the signature endorsement of the court.

5. In this case, counsel for the appellant admits that she received the signed order of the commission on November 14, 1988, the same day it was signed.

6. Appellant's counsel did not make this inquiry until on or about February 15, 1989, the day the

Because the order of the Parkersburg Policemen's Civil Service Commission was not entered, only endorsed for entry, the appeal period failed to commence. We therefore hold that entry of an order by a policemen's civil service commission takes place when entered in an order book of the policemen's civil service commission and dated by the recorder of the city.

Based upon the foregoing, the recorder of the City of Parkersburg shall enter the order of the Parkersburg Policemen's Civil Service Commission at issue in this action. Once entered, the Circuit Court of Wood County is ordered to re-docket appellant's appeal.

Based upon the foregoing, the November 20, 1989 dismissal order of the Circuit Court of Wood County is reversed, and this case is remanded for a decision on the merits.

Reversed and remanded.

appellant's petition for review was filed with the     circuit court.