607 S.E.2d 856

**Arlie ASHBY, Petitioner Below, Appellant,**

v.

**CITY OF FAIRMONT, Respondent Below, Appellee.**

**No. 31715.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 2004.

Decided Dec. 2, 2004.

---

George F. Fordham, Esq., Clarksburg, West Virginia, Attorney for the Appellant.

Kevin V. Sansalone, Esq., Sansalone & Sansalone, Fairmont, West Virginia, Attorney for the Appellee.

DAVIS, Justice:

Arlie Ashby (hereinafter referred to as "Mr. Ashby") appeals an adverse decision by the Circuit Court of Marion County dismissing his appeal of an order of the Police Civil Service Commission that affirmed his discharge as a patrolman with the City of Fairmont Police Department (hereinafter referred to as the "Police Department"). Mr. Ashby was terminated by the Police Department, and the Fairmont Civil Service Commission upheld the discharge. Mr. Ashby appealed the decision to the circuit court. During the pendency of that appeal and in response to the City of Fairmont's (hereinafter referred to as "the City") motion to dismiss, Mr. Ashby requested that the appeal be converted to a petition for a writ of mandamus if the court determined that the petition for appeal was untimely filed. The circuit court granted the City's motion to dismiss finding that the appeal was untimely filed. The circuit court further denied Mr. Ashby's motion for a writ of mandamus. Upon a review of the parties' arguments and the pertinent authorities, we affirm the decision of the circuit court finding that the appeal was untimely, and we further find that a writ of mandamus was statutorily precluded.[1]

---

1. The circuit court considered the elements for a writ of mandamus and denied the same based on the presence of another adequate remedy available to Mr. Ashby. *See* Syl. pt. 1, *State ex rel.*

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Ashby was a Fairmont police officer. After an internal investigation regarding Mr. Ashby's treatment of a particular detainee,[2] disciplinary action was taken and his employment was terminated by the City. He appealed his termination to the Police Civil Service Commission of the City of Fairmont (hereinafter referred to as the "Commission"). After a disciplinary hearing, the Commission issued a decision dated May 13, 2002, upholding the discharge. The decision was received, filed, and entered in the Commission's record books on the same day. Mr. Ashby received a copy of the decision in the mail on May 15, 2002.

Mr. Ashby filed a petition for appeal on August 14, 2002, in the Circuit Court of Marion County. The City filed a motion to dismiss the petition for appeal alleging that the petition was untimely filed. A hearing was held June 30, 2003, on the motion to dismiss, and the parties were afforded additional time to submit supplemental responses. The Circuit Court of Marion County issued an order on August 5, 2003, granting the City's motion to dismiss and denying Mr. Ashby's motion to convert his petition for appeal into a petition for a writ of mandamus.[3] It is from this order of the Circuit Court of Marion County that Mr. Ashby now appeals.

## II.

### STANDARD OF REVIEW

■ The instant appeal comes to this Court by way of a ruling by the circuit court,

sitting in the position of an appellate court, dismissing Mr. Ashby's petition for appeal as untimely filed. We must now review the circuit court's dismissal of Mr. Ashby's petition for appeal. "Appellate review of a circuit court's order granting a motion to dismiss an appeal from a decision of a [police civil service] commission is *de novo.*" Syl pt. 1, *Lipscomb v. Tucker County Comm'n,* 197 W.Va. 84, 475 S.E.2d 84 (1996). *See also Bush v. Hammer,* 215 W.Va. 599, 601, 600 S.E.2d 311, 313 (2004) (per curiam) (explaining that "we review the circuit court's order dismissing Appellant's appeal to that court *de novo.*" (citations omitted)). *Cf. Conrad v. ARA Szabo,* 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996) ("We exercise plenary review over a circuit court's decision to grant either a motion to dismiss or a summary judgment." (citations omitted)); Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*").

■ Additionally, to resolve this case, we are required to consider the application of the relevant statute. In this regard, we have held that " '[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 3, *Alden v. Harpers Ferry Police Civil Serv. Comm'n,* 209 W.Va. 83, 543 S.E.2d 364 (2001). Mindful of these applica-

---

*Rist v. Underwood,* 206 W.Va. 258, 524 S.E.2d 179 (1999) (discussing elements needed for issuance of writ of mandamus). However, as will be discussed in Section III. B., *infra,* the circuit court did not need to entertain Mr. Ashby's petition for a writ of mandamus. Mandamus relief was statutorily precluded when Mr. Ashby chose to file a petition for appeal under W. Va.Code § 8–14–20(b) (1937) (Repl.Vol.1996). As such, we do not need to address the elements for a writ of mandamus to decide this case, and decline to do so.

**2.** The disciplinary action in question was based on a videotape recording made at the police station. On the videotape, Mr. Ashby is over-

heard relating three separate occasions of physical abuse by him toward a detainee who was in Mr. Ashby's custody. The Police Civil Service Commission found that the videotape seemed to have been made inadvertently during a casual conversation between Mr. Ashby and another officer. During his tenure as a police officer, Mr. Ashby had been subjected to other disciplinary actions. His discharge was based on the accumulation of his prior offenses that were not expunged pursuant to a collective bargaining agreement.

**3.** See note 1, *supra,* discussing the circuit court's consideration and rejection of Mr. Ashby's petition for a writ of mandamus.

ble standards, we now consider the substantive issues herein raised.

## III.

## DISCUSSION

Mr. Ashby's appeal presents two issues for this Court's consideration: (1) the timeliness of a petition for appeal filed pursuant to W. Va.Code § 8–14–20(b) (1937) (Repl.Vol.1996); and (2) whether a petition for appeal can be converted to a petition for a writ of mandamus under W. Va.Code § 8–14–20(b). The relevant portion of W. Va.Code § 8–14–20 provides as follows:

> (b) In the event the commission sustains the action of the removing officer, the member has an immediate right of appeal to the circuit court of the county wherein the city or the major portion of the territory thereof is located. In the event that the commission reinstates the member, the removing officer has an immediate right of appeal to the circuit court. In the event either the removing officer or the member objects to the amount of the attorney fees awarded to the member, the objecting party has an immediate right of appeal to the circuit court. *Any appeal must be taken within ninety days from the date of entry by the commission of its final order.* Upon an appeal being taken and docketed with the clerk of the circuit court of the county, the circuit court shall proceed to hear the appeal upon the original record made before the commission and no additional proof may be permitted to be introduced. The circuit court's decision is final, but the member or removing officer, as the case may be, against whom the decision of the circuit court is rendered has the right to petition the supreme court of appeals for a review of the circuit court's decision as in other civil cases. *The member or removing officer also has the right, where appropriate, to seek, in lieu of an appeal, a writ of mandamus.* The member, if reinstated or exonerated by the circuit court or by the supreme court of appeals, shall, if represented by legal counsel, be awarded reasonable attorney fees as ap-

proved by the court and the fees shall be paid by the governing body.

(Emphasis added).

### A. Timeliness of Petition for Appeal

Mr. Ashby first contends that his appeal was timely filed because it was filed within ninety days of his receipt of the Commission's decision. The City argues that the date of Mr. Ashby's receipt of the same is irrelevant as the applicable law clearly states that the time period commences upon the entry of the order in the Commission's books, and that Mr. Ashby's petition for appeal was untimely filed because it was not filed within ninety days of the entry of the same. A decision was rendered by the Commission and entered in its record books on May 13, 2002. Mr. Ashby avers that, regardless of the date the Commission's order is entered, the appeal period began upon his receipt of such order on May 15, 2002. This interpretation, however, is not supported by the governing law.

The issues raised by the parties require us to apply the statutory language of W. Va.Code § 8–14–20(b) regarding appeals from a decision of the police civil service commission. " 'The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syllabus Point 1, *Smith v. State Workmen's Compensation Com'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 2, *Rose ex rel. Rose v. St. Paul Fire & Marine Ins. Co.*, 215 W.Va. 250, 599 S.E.2d 673 (2004). Moreover, when we address a statutory provision, this Court is bound to apply, and not construe, the enactment's plain language. We have previously held that " '[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. pt. 3, *Rose ex rel. Rose v. St. Paul Fire & Marine Ins. Co.*, 215 W.Va. 250, 599 S.E.2d 673.

Applying the statutory law to the present case, the express language of W. Va.Code § 8–14–20(b) directs that an officer wishing to appeal a final decision of the

Police Civil Service Commission must do so within ninety days of the date that decision is entered by the Commission: "Any appeal *must* be taken within *ninety days from the date of entry* by the commission of its final order." (Emphasis added). Typically, the word "must" is afforded a mandatory connotation. *See McMicken v. Province*, 141 W.Va. 273, 284, 90 S.E.2d 348, 354 (1955) (construing "must" as a "mandatory word"), *overruled on other grounds by Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). *Accord Alden v. Harpers Ferry Police Civil Service Commission*, 209 W.Va. 83, 87, 543 S.E.2d 364, 368 (2001). To ascertain whether Mr. Ashby fulfilled this mandatory ninety-day requirement, we first consider when a final order is "entered," because entry of the final order signals the beginning of the ninety-day period.

■ We have previously explained that "[e]ntry of an order by a policemen's civil service commission takes place when entered in an order book of the policemen's civil service commission and dated by the recorder of the city." Syl. pt. 2, *Echard v. City of Parkersburg*, 187 W.Va. 350, 419 S.E.2d 14 (1992). Thus, pursuant to the plain language of W. Va.Code § 8–14–20(b) and our prior holding, the appeal period commences at the time the order is dated and entered in the Commission's books. *See, e.g., Echard*, 187 W.Va. 350, 419 S.E.2d 14 (holding that the ninety-day period for appealing from the decision of the policemen's civil service commission failed to commence where order of commission was not entered, but only endorsed for entry).

In this case, the Commission's decision was rendered on May 13, 2002; thus, Mr. Ashby was required to file his petition for appeal within ninety days of that date. To determine whether Mr. Ashby complied with this requirement, we next consider the appropriate manner of determining the appeal period.

West Virginia Code § 2–2–1(d) (1899) (Repl.Vol.2002) instructs that the computation of time shall be accomplished in the following manner:

In computing any period of time prescribed by any applicable provision of this code or any legislative rule or other administrative rule or regulation promulgated pursuant to the provisions of this code, *the day of the act, event, default or omission from which the applicable period begins to run is not included.* The last day of the period so computed is included, unless it is a Saturday, a Sunday, a legal holiday or a designated day off in which event the prescribed period of time runs until the end of the next day that is not a Saturday, Sunday, legal holiday or designated day off.

(Emphasis added). Calculating the appeal period in this manner, the day of the entry of the decision, May 13, 2002, is excluded. Therefore, the ninety-day period begins to run on May 14, 2002, and the ninetieth day is Monday, August 12, 2002. Insofar as Mr. Ashby's petition for appeal was not filed with the circuit clerk until August 14, 2002, it was untimely filed as being more than ninety days after the entry of the Commission's decision.

■ " 'Where the Legislature has prescribed limitations on the right to appeal, such limitations are exclusive, and cannot be enlarged by the court.' *State v. De Spain*, 139 W.Va. 854, [857,] 81 S.E.2d 914, 916 (1954)." Syl. pt. 1, *West Virginia Dep't of Energy v. Hobet Mining & Constr. Co.*, 178 W.Va. 262, 358 S.E.2d 823 (1987). The Legislature has set the appeal time frame of ninety days, and, insofar as the statutory language is plain and mandatory, we must apply the statute as written. Applying the clear and unambiguous language of the statute, the petition for appeal to the circuit court was untimely filed because it was filed more than ninety days after the Commission's decision was entered in its order book. Therefore, we affirm the circuit court's ruling dismissing Mr. Ashby's petition for appeal as untimely filed.

### B. Propriety of Petition for Writ of Mandamus

■ We now turn to Mr. Ashby's second argument that if the circuit court determined that the petition for appeal was untimely filed, it should be considered as a petition for a writ of mandamus. The City responds that the statutory language presents an either/or

situation in that Mr. Ashby can choose either to take the route of a petition for appeal or the route of an action in mandamus, where appropriate.

■ We agree with the City's contentions. Mr. Ashby could pursue either an appeal or a mandamus action to challenge the Commission's decision, but not both. West Virginia Code § 8–14–20(b) specifically directs that "[t]he member or removing officer also has the right, where appropriate, to seek, *in lieu of an appeal*, a writ of mandamus." (Emphasis added). " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syl. pt. 2, *State ex rel. Stanley v. Sine*, 215 W.Va. 100, 594 S.E.2d 314 (2004). In other words,

"When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

Syl. pt. 2, *Burrows v. Nationwide Mut. Ins. Co.*, 215 W.Va. 668, 600 S.E.2d 565 (2004).

■ The governing statutory language herein provides that a writ of mandamus may be sought *in lieu of* an appeal. "Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syl. pt. 4, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959). The plain meaning of the words "in lieu of" is "[i]nstead of or in place of; in exchange or return for[.]" Black's Law Dictionary 803 (8th ed.2004). It is clear from the plain meaning of the statute that a writ of mandamus may be sought instead of, or in place of, a petition for appeal. Thus, the statutory language provides that the remedies of appeal and mandamus are mutually exclusive and that both may not be pursued simultaneously.

When recently faced with the issue of mutual exclusivity of remedies, we reached the identical result in our prior decision in *Ewing v. Board of Education of the County of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998). In *Ewing*, we found that, although the educational employees' grievance procedure permits an aggrieved employee to seek relief by either an appeal or a writ of mandamus, the employee may not engage both methods simultaneously but rather must choose one and follow that method to its conclusion. Syllabus point 6 of *Ewing* holds:

When an individual is adversely affected by an educational employment decision rendered pursuant to W. Va.Code § 18A–4–7a (1993) (Repl.Vol.1997), he/she may obtain relief from the adverse decision in one of two ways. First, he/she may request relief by mandamus as permitted by W. Va.Code § 18A–4–7a. In the alternative, he/she may seek redress through the educational employees' grievance procedure described in W. Va.Code §§ 18–29–1 to 18–29–11 (1992) (Repl.Vol.1994). Once an employee chooses one of these courses of relief, though, he/she is constrained to follow that course to its finality.

202 W.Va. 228, 503 S.E.2d 541.

■ Moreover, we have previously explained, and now expressly hold that "[m]andamus [cannot] be utilized as a substitute for an appeal or writ of error." *State ex rel. Cooper v. Garvin*, 139 W.Va. 845, 849, 82 S.E.2d 612, 615 (1954). *Accord Ray v. Ray*, 216 W.Va. 11, 15 n. 14, 602 S.E.2d 454, 458 n. 14 (2004) (per curiam). Based upon the forgoing discussion and the plain language of the statute, we additionally hold that when an individual is adversely affected by a police civil service commission decision rendered pursuant to W. Va.Code § 8–14–20(b) (1937) (Repl.Vol.1996), he/she may obtain relief from the adverse decision in one of two ways: (1) he/she may request relief through a petition for appeal or, in the alternative, (2) he/she may request relief by mandamus, where appropriate. After choosing one of these courses of relief, he/she is constrained to follow that course to its finality. Therefore, once a person decides to seek a petition for appeal, he/she is precluded from seeking a writ of mandamus pursuant to W. Va.Code § 8–14–20(b), with respect to the same em-

ployment decision that is the subject of his/her appeal.

When the City filed a motion to dismiss before the circuit court based on the untimeliness of Mr. Ashby's petition for appeal, Mr. Ashby requested that if the court determined the appeal was untimely, that the petition for appeal be considered as a petition for a writ of mandamus. The circuit court granted the City's motion to dismiss and denied Mr. Ashby's request for mandamus relief.[4] Because Mr. Ashby chose to pursue a petition for appeal of the Commission's decision, he was precluded from seeking relief in mandamus. Accordingly, we affirm the circuit court's denial of Mr. Ashby's request for mandamus relief.

### IV.

### CONCLUSION

For the foregoing reasons, we find that Mr. Ashby's appeal to the circuit court was untimely filed. Moreover, we find that, under the clear statutory language of W. Va. Code § 8–14–20(b), once a petition for appeal has been filed it cannot be converted to a petition for a writ of mandamus. The aggrieved individual may seek relief through appeal or mandamus, but not both. Accordingly, the decision of the Circuit Court of Marion County is affirmed.

Affirmed.

Justice McGRAW dissents.

---

4.  For a discussion of the circuit court's denial of Mr. Ashby's petition for a writ of mandamus, see note 1, *supra*.