IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0738

_____

**FILED**

**June 9, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

V.

TREMAINE LAMAR JACKSON,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Raleigh County
The Honorable Robert A. Burnside, Jr., Judge
Criminal Action No. CC-41-2020-F-430

REVERSED AND REMANDED

_____

Submitted: March 22, 2023
Filed: June 9, 2023

Graham B. Platz, Esq.
Public Defender Services
Appellate Advocacy Division
Charleston, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Michael R. Williams, Esq.
Senior Deputy Solicitor General
William E. Longwell, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

JUSTICE ARMSTEAD dissents and reserves the right to file a separate opinion.

**SYLLABUS BY THE COURT**

1.      "When a prior conviction constitute[s] a status element of an offense, a defendant may offer to stipulate to such prior conviction[]. If a defendant makes an offer to stipulate to a prior conviction[] that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction[]. When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins*, 192 W. Va. 483, 453 S.E.2d 317 (1994)[,] and its progeny are in conflict with this procedure they are expressly overruled." Syllabus point 3, *State v. Nichols*, 208 W. Va. 432, 541 S.E.2d 310 (1999), *overruled on other grounds by State v. McCraine*, 214 W. Va. 188, 588 S.E.2d 177 (2003), *and reinstated by State v. Herbert*, 234 W. Va. 576, 767 S.E.2d 471 (2014).

2.      "When a defendant is charged with a crime in which a prior conviction is an *essential element* of the current crime charged (*e.g.*[,] being a felon in possession of a firearm under [W. Va. Code § 61-7-7(b) (eff. 2016)]), and *stipulates* to having been previously convicted of a crime, the trial court shall inform the jury that the defendant stipulated to the prior conviction. The jury shall be informed that the defendant was

i

convicted of a prior felony or misdemeanor, but shall otherwise not be informed of the name or nature of the defendant's prior convictions. To the extent *State v. Dews*, 209 W. Va. 500, 549 S.E.2d 694 (2001), is inconsistent with this holding, it is hereby modified." Syllabus point 5, *State v. Herbert*, 234 W. Va. 576, 767 S.E.2d 471 (2014).

3. A trial court may establish and enforce a pretrial deadline for producing stipulations in criminal proceedings. However, when no deadline has been set, a trial court must permit a defendant to stipulate to a prior conviction during trial when (1) that prior conviction is an essential element of a current crime charged, and (2) the purpose of the stipulation is to prevent the State from informing the jury of the name and nature of the prior conviction.

BUNN, Justice:

The defendant, Tremaine Lamar Jackson, appeals four felony convictions stemming from an incident in May 2020 that resulted in Troy Williams's death after he was shot in the chest. At the time of the shooting, Mr. Jackson was on parole from a 2017 felony conviction for voluntary manslaughter, so the charges against him included the status offense of being a felon in possession of a firearm. Mr. Jackson claims the Circuit Court of Raleigh County committed reversible error by refusing to accept his stipulation to his prior felony conviction. The circuit court refused the stipulation because Mr. Jackson offered it during the trial, after refusing earlier attempts by the prosecutor to obtain the stipulation. The court's refusal permitted the State to admit evidence of the name and nature of Mr. Jackson's prior, similar offense. We find the admission of this evidence prejudiced Mr. Jackson. Therefore, we reverse and remand for a new trial.[1]

## I.

## FACTUAL AND PROCEDURAL HISTORY

Troy Williams was fatally shot in the chest during a bogus drug transaction with Mr. Jackson. During the incident, Mr. Jackson, accompanied by three companions, attempted to sell rock salt to Mr. Williams by representing that it was methamphetamine.

---

[1] Mr. Jackson also claims that the circuit court erred by prohibiting him from testifying that someone else shot Mr. Williams. This ruling was based on a purported lack of notice. Because we reverse and remand for a new trial on other grounds, we do not address this issue.

1

Following a police investigation, Mr. Jackson was indicted, and ultimately convicted, of four felony counts: (1) first-degree murder in violation of West Virginia Code § 61-2-1; (2) use or presentation of a firearm during the commission of first-degree murder in violation of West Virginia Code § 61-7-15a; (3) being a felon in possession of a firearm in violation of West Virginia Code § 61-7-7; and (4) use or presentation of a firearm during the commission of being a felon in possession of a firearm in violation of West Virginia Code § 61-7-15a.

Prior to trial, the State filed a notice of intent to use evidence of Mr. Jackson's 2017 conviction for voluntary manslaughter, pursuant to West Virginia Rule of Evidence 404(b), to show absence of mistake or modus operandi in connection with the first-degree murder charge. During a pretrial hearing, Mr. Jackson opposed the use of the Rule 404(b) evidence, arguing that it was unfairly prejudicial.[2] The circuit court preliminarily found the evidence was inadmissible but stated that the issue could be revisited if the evidence presented at trial justified reconsideration.

During trial, the State called Detective Jonathan Weaver of the Charleston Police Department to testify. Detective Weaver participated in the investigation of Mr. Williams's death as well as the investigation that led to Mr. Jackson's 2017 conviction for

---

[2] *See* W. Va. R. Evid. 403 (allowing exclusion of relevant evidence that is unfairly prejudicial).

voluntary manslaughter. When the State began to question Detective Weaver about the 2017 conviction, Mr. Jackson objected based on the court's pretrial ruling that evidence of the prior conviction was inadmissible pursuant to Rule 404(b). The State explained that it offered the evidence to establish the status element necessary to prove that Mr. Jackson was a felon in possession of a firearm, and not for the reasons previously rejected by the court. It also expressed its intent to introduce the 2017 sentencing order from Mr. Jackson's voluntary manslaughter conviction, which identified the offense and noted the use of a firearm.

Mr. Jackson then offered to stipulate to his prior felony conviction. The State refused to accept Mr. Jackson's offer to stipulate because it previously attempted, unsuccessfully, to elicit this stipulation from Mr. Jackson.[3] The State argued that accepting the stipulation during trial would be unfair because, absent an earlier stipulation, it had prepared to prove the 2017 conviction by Detective Weaver's testimony and the sentencing order, which it viewed as the best evidence of an element of the felon in possession charge. The circuit court overruled Mr. Jackson's objection and allowed the State to question Detective Weaver about the prior conviction. While Detective Weaver did not testify about the factual details of the prior conviction, and the court instructed the jury on the limited purpose for the evidence, the State still elicited testimony that Mr. Jackson had a prior

---

[3] Mr. Jackson did not refute the State's assertion that it made pretrial attempts to obtain a stipulation concerning Mr. Jackson's prior felony conviction.

3

felony conviction for voluntary manslaughter. Furthermore, the court admitted into evidence the 2017 sentencing order, which noted the use of a firearm in committing the offense. The jury received a copy of the 2017 sentencing order with the admitted trial exhibits for use during its deliberations. The jury convicted Mr. Jackson on all four counts of the indictment, with a recommendation of mercy for the first-degree murder charge.

By amended sentencing order entered on August 24, 2021, the circuit court sentenced Mr. Jackson to life with mercy for first-degree murder; a determinate term of ten years for use of a firearm in the commission of first-degree murder; a determinate term of five years for being a felon in possession of a firearm, with a recidivist enhancement of an additional five years; and a determinate term of ten years for use of a firearm in committing the offense of being a felon in possession of a firearm. The court ordered these sentences to be served consecutively. This appeal followed.

## II.

### STANDARD OF REVIEW

Mr. Jackson challenges an evidentiary ruling by the trial court. "The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings." *State v. Swims*, 212 W. Va. 263, 269, 569 S.E.2d 784, 790 (2002) (quoting Syl. pt. 9, *Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 111, 506 S.E.2d 554 (1997)). For this reason, "with few exceptions, this Court reviews

4

'evidentiary . . . rulings of the circuit court under an abuse of discretion standard.'" *State v. Delorenzo*, ___ W. Va. ___, ___, 885 S.E.2d 645, 663 (2022) (quoting Syl. pt. 1, in part, *State v. Gray*, 204 W. Va. 248, 511 S.E.2d 873 (1998) (per curiam) (additional quotations and citation omitted)). Touching on one of these exceptions, we have acknowledged that "[a]lthough most rulings of a trial court regarding the admission of evidence are reviewed under an abuse of discretion standard, . . . an appellate court reviews *de novo* the legal analysis underlying a trial court's decision." *State v. Guthrie*, 194 W. Va. 657, 680, 461 S.E.2d 163, 186 (1995). Guided by these standards, we address the circuit court's decision to refuse Mr. Jackson's offered stipulation, bearing in mind that "[e]ven if we find the circuit court abused its discretion, the error is not reversible unless the defendant was prejudiced." *State v. Marple*, 197 W. Va. 47, 51, 475 S.E.2d 47, 51 (1996).

## III.

## DISCUSSION

Mr. Jackson asks us to determine whether the circuit court erred by refusing his stipulation to a prior felony conviction as a status element of the offense of being a felon in possession of a firearm.[4] He argues that the circuit court was required to accept his

---

[4] We have explained that there are two scenarios when a prior conviction is a status element of an offense:

> The fact that a defendant has been previously convicted of a crime is a status element when: (1) his/her prior conviction makes otherwise legal conduct illegal, meaning that the prior

5

felon status stipulation and to refuse to admit evidence of the name and nature of his prior offense.

This Court has previously established a mandatory obligation on trial courts to accept a defendant's offer to stipulate to a prior conviction that is a status element of an offense:

> When a prior conviction constitute[s] a status element of an offense, a defendant may offer to stipulate to such prior conviction[]. If a defendant makes an offer to stipulate to a prior conviction[] that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction[]. When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins*, 192 W. Va. 483, 453 S.E.2d 317 (1994)[,] and its progeny are in conflict with this procedure they are expressly overruled.

---

conviction is an essential element of the current crime charged (*e.g.*, a felon possessing a firearm); or (2) the prior conviction is merely a penalty enhancer, meaning that it enhances the penalty for conduct that is itself illegal even without the defendant's prior convictions (*e.g.*, third-offense driving under the influence).

*State v. Herbert*, 234 W. Va. 576, 592, 767 S.E.2d 471, 487 (2014). In this case, Mr. Jackson's status of having a prior felony conviction is an essential element of the crime of being a felon in possession of a firearm.

6

Syl. pt. 3, *State v. Nichols*, 208 W. Va. 432, 541 S.E.2d 310 (1999), *overruled on other grounds by State v. McCraine*, 214 W. Va. 188, 588 S.E.2d 177 (2003), *and reinstated by State v. Herbert*, 234 W. Va. 576, 767 S.E.2d 471 (2014).

The pertinent facts of this case differ from those addressed by the *Nichols* Court. The defendant in *Nichols* was on trial for third-offense DUI and stipulated to the status element of that offense—his two prior DUI convictions—to keep the jury from learning of his prior convictions. Despite this stipulation, the circuit court required the State to present evidence to establish those prior convictions.[5] Here, the circuit court refused to accept Mr. Jackson's offer to stipulate to his prior felony conviction. While this refusal violates our holding in *Nichols*, the State argues that the circuit court did not err in refusing to accept Mr. Jackson's stipulation because it was made during trial and was not reduced to writing, signed, or filed with the circuit court clerk as required by Rule 42.05 of the West Virginia Trial Court Rules.[6]

---

[5] The circuit court relied on *State v. Hopkins*, 192 W. Va. 483, 453 S.E.2d 317 (1994), when it required the State to present evidence of Mr. Nichols's two prior DUI convictions. This Court overruled *Hopkins* in the *Nichols* opinion. *See* Syl. pt. 3, *State v. Nichols*, 208 W. Va. 432, 541 S.E.2d 310 (1999).

[6] Pursuant to West Virginia Trial Court Rule 42.05, "[u]nless otherwise ordered, stipulations must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk."

7

To determine whether or under what circumstances a circuit court must accept a last-minute stipulation that does not comply with Trial Court Rule 42.05, we consider the rationale underlying our holding in *Nichols*, which followed the United States Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).[7] The decision in *Nichols* was centered on addressing the risk of a conviction tainted by a jury's improper consideration of a prior conviction for similar conduct:

> "Evidence of prior convictions may lead a jury to convict a defendant for crimes other than the charged crime, convict because a bad person deserves punishment rather than based on the evidence presented, or convict thinking that an erroneous conviction is not so serious because the defendant already has a criminal record."

*Nichols*, 208 W. Va. at 443-44, 541 S.E.2d at 321-22 (quoting *State v. Alexander*, 571 N.W.2d 662, 668 (Wis. 1997)). Similarly, the *Old Chief* Court observed that, while evidence of prior criminal conduct is relevant, "'the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'" *Old Chief*, 519 U.S. at 181, 117 S. Ct. at 650, 136 L. Ed. 2d 574 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)). This risk is particularly

---

[7] As in this case, the defendant in *Old Chief* was charged with possession of a firearm by a convicted felon. "The government wanted to introduce a copy of the judgment of his prior conviction, which contained the name and nature of the offense committed . . . . The defendant offered to stipulate to the fact that he had been previously convicted of a felony." *Nichols*, 208 W. Va. at 442-43, 541 S.E.2d at 320-21.

8

significant when the prior conviction involves the use of a gun or is similar to an offense in the pending case:

> [T]here can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. . . . Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious[.]

*Old Chief*, 519 U.S. at 185, 117 S. Ct. at 652, 136 L. Ed. 2d 574. Consequently, once a defendant has stipulated to a prior conviction that is a status element of a charged crime, and that conviction is an essential element of that crime (as opposed to a penalty enhancer),[8] the jury may not be informed of the name and nature of the prior conviction:

> When a defendant is charged with a crime in which a prior conviction is an *essential element* of the current crime charged (*e.g.*[,] being a felon in possession of a firearm under [W. Va. Code § 61-7-7(b) (eff. 2016)] and *stipulates* to having been previously convicted of a crime, the trial court shall inform the jury that the defendant stipulated to the prior conviction. The jury shall be informed that the defendant was convicted of a prior felony or misdemeanor, but shall otherwise not be informed of the name or nature of the defendant's prior convictions. To the extent *State v. Dews*, 209 W. Va. 500, 549 S.E.2d 694 (2001), is inconsistent with this holding, it is hereby modified.

Syl. pt. 5, *State v. Herbert*, 234 W. Va. 576, 767 S.E.2d 471 (2014).

Importantly though, this Court has recognized with approval "the 'familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice,

---

[8] See *supra* note 4 for an explanation of the two types of status elements.

or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.'" *State v. Gates*, No. 17-0905, 2018 WL 6131292, at \*2 (W. Va. Nov. 21, 2018) (memorandum decision) (quoting *Old Chief*, 519 U.S. at 186-87, 117 S. Ct. at 653, 136 L. Ed. 2d 574). In *Nichols*, we acknowledged that relying on a stipulation to establish a prior conviction that is merely a status element of an offense does not deprive the jury of necessary information or prevent the prosecution from presenting the substance of its case:

> In reaching its result, the opinion in *Old Chief* made a distinction between stipulations to a status element of an offense, as opposed to a stipulation to other elements of an offense. Justice Souter wrote that "proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense." *Old Chief*, 519 U.S. at 191, 117 S. Ct. at 655, 136 L. Ed. 2d 594. *Old Chief* reasoned that because a status element of an offense is independent of an offense's mental and physical requirements, it was not necessary that a jury be informed of a status element. . . .

*Nichols*, 208 W. Va. at 443, 541 S.E.2d at 321. *See also Old Chief*, 519 U.S. at 190, 117 S. Ct. at 654-55, 136 L. Ed. 2d 574 ("[R]ecognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him.").

10

The risk of unfair prejudice from evidence of the name and nature of the prior conviction, when that conviction is an essential element of a current charge, must inform our consideration of the State's contention that Mr. Jackson's offered stipulation was properly rejected by the trial court because it was made during trial and did not comply with West Virginia Trial Court Rule 42.05. Neither Rule 42.05 nor *Nichols* imposes a specific timeframe for stipulations. Pursuant to Rule 42.05, "[u]nless otherwise ordered, stipulations must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk." W. Va. Tr. Ct. R. 42.05. While the rule includes mandatory language requiring that "stipulations *must* be in writing, signed . . . , and promptly filed with the clerk,"[9] this rule also allows for discretion by adding the qualification "[u]nless otherwise ordered." *Id.* (emphasis added). Given this discretion, we easily reconcile Trial Court Rule 42.05 with the *Nichols* mandate that a court accept an offered stipulation of a prior conviction when that conviction is a status element of a charged offense. When an offered stipulation falls within Syllabus point 3 of *Nichols*, a circuit court must exercise its discretion and accept the stipulation. The absence of a contemporaneous writing simply does not outweigh the risk of unfair prejudice to a defendant from the court's refusal to accept such a stipulation. In fact, we have previously found the lack of a written stipulation to be harmless in circumstances less compelling than these. *See, e.g.*, *State v. Mitchell*, 214 W. Va. 516, 524, 590 S.E.2d 709, 717 (2003) (finding the lack of a writing memorializing

---

[9] "Typically, the word 'must' is afforded a mandatory connotation." *Ashby v. City of Fairmont*, 216 W. Va. 527, 532, 607 S.E.2d 856, 861 (2004).

11

stipulations that occurred during a pretrial hearing to be either harmless or invited error). *Cf.* Syl. pt. 7, *State v. Redden*, 199 W. Va. 660, 487 S.E.2d 318 (1997) (holding that even though W. Va. R. Crim. P. 23(a) requires a defendant's waiver of a jury trial to be in writing, when the record firmly establishes a defendant otherwise knowingly, voluntarily, and intelligently waives the right, the failure to have the waiver in writing does not invalidate the waiver).

That said, however, the better practice is for a defendant to timely enter into a stipulation that complies with the writing, signing, and filing requirements of Trial Court Rule 42.05. Furthermore, this issue could be prevented by the trial court establishing a deadline for the submission of Rule 42.05 compliant stipulations, which is certainly within a trial court's inherent authority. *See, e.g.*, Syl. pt. 2, in part, *State v. Fields*, 225 W. Va. 753, 696 S.E.2d 269 (2010) ("[A] circuit court has inherent authority to conduct and control matters before it in a fair and orderly fashion."); *State v. Delorenzo*, ___ W. Va. at ___, 885 S.E.2d at 657 (same).[10] Accordingly, we now hold that a trial court may establish and

_____

[10] The State relies upon this inherent authority to argue that the circuit court properly rejected Mr. Jackson's offered stipulation. However, a court may not exercise its authority to manage proceedings in a manner that materially prejudices a defendant. *See, e.g.*, *State v. Kennon*, 18 Wash. App. 2d 1062, 2021 WL 3619870, at *4 (2021) (unpublished opinion) ("[Defendant] alleges that the trial court violated his constitutional right to a fair trial when it allowed additional officers to 'lurk . . . behind the prosecutor table' during [a witness's] testimony. Because the officers' presence *was not inherently prejudicial* and the trial court has broad discretion to manage court proceedings, we disagree." (emphasis added)), *review denied*, 501 P.3d 146 (Wash. 2022). *See also Great Am. Ins. Co. v. Mueller*, No. 21-12039, 2022 WL 2377391, at *3 (11th Cir. June 30, 2022)

enforce a pretrial deadline for producing stipulations in criminal proceedings. However, when no deadline has been set, a trial court must permit a defendant to stipulate to a prior conviction during trial when (1) that prior conviction is an essential element of a current crime charged, and (2) the purpose of the stipulation is to prevent the State from informing the jury of the name and nature of the prior conviction.[11]

---

("While the court has 'broad discretion' to manage its cases, the '[f]ailure to consider and rule on significant pretrial motions before issuing dispositive orders can be an abuse of discretion' if the litigant was 'materially prejudiced' as a result . . . ." (citations omitted)); *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2021 WL 4079145, at *2 (N.D. Cal. Sept. 8, 2021) ("Trial courts have broad discretion to manage their dockets and can modify their case management orders upon a showing of 'good cause,' which considers the moving party's diligence *and any prejudice that will result to the non-moving party*." (emphasis added)); *Helal v. Helal*, No. 2592, Sept. term, 2019, 2021 WL 2000082, at *5 (Md. Ct. Spec. App. May 19, 2021) ("[C]ourts have broad discretion to manage their resources, and we will not second guess such decisions 'unless it clearly appear[s] that prejudice has resulted from the denial of a legal right.'" (citation omitted)).

[11] The State additionally contends, without explanation, that the *Nichols* requirement for "a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant," cannot be accomplished during a jury trial. Syl. pt. 3, in part, *Nichols*, 208 W. Va. 432, 541 S.E.2d 310. We disagree. The *Nichols* Court clarified that it did not intend a burdensome dialog:

> We do not require that trial courts engage in the formal requirements under Rule 11 of the West Virginia Rules of Criminal Procedure for accepting plea agreements. A stipulation to prior convictions is an acknowledgment of a fact that, in nearly every case, will be a matter that is of public record.

*Nichols*, 208 W. Va. at 445 n.22, 541 S.E.2d at 323 n.22. Furthermore, courts often pause to address issues outside the presence of the jury and we see no reason why this colloquy cannot be handled similarly.

In this case, no deadline for producing stipulations was set by the trial court. Furthermore, because Mr. Jackson's offer to stipulate to his prior conviction for voluntary manslaughter was refused, the jury had evidence of the name and nature of that offense, including the fact that it was committed with a firearm. While the State produced this evidence to establish that Mr. Jackson was a felon in possession of a firearm, he was also being tried for first-degree murder and for using a firearm in the commission of that murder. Given these charges, providing the jury with details of Mr. Jackson's prior conviction produced an unreasonable risk that his convictions were based upon improper grounds, i.e., that he acted in conformance with his prior illegal conduct or that he is simply a bad person worthy of punishment. In other words, "'the only reasonable conclusion [is] that the risk of unfair prejudice . . . substantially outweigh[ed] the discounted probative value of the record of conviction.'" *Nichols*, 208 W. Va. at 443, 541 S.E.2d at 321 (quoting *Old Chief*, 519 U.S. at 191, 117 S. Ct. at 655, 136 L. Ed. 2d. 574). As such, the circuit court abused its discretion by refusing Mr. Jackson's offered stipulation and unfairly prejudiced him by that error.

## IV.

## CONCLUSION

For the reasons explained above, we reverse the Circuit Court of Raleigh County's amended sentencing order dated August 24, 2021, and remand this matter for a new trial consistent with this opinion.

Reversed and Remanded.